FILED
2010 MAY 28 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHARLIE T. STRUCKEL, <br> Plaintiff, <br> vs. <br> AUSTIN PEAY STATE UNIVERSITY, <br> Defendant. | ) <br> ) <br> ) Case No.: <br> ) <br> )JUDGE <br> )MAGISTRATE JUDGE <br> ) <br> ) JURY DEMAND |

## COMPLAINT

Comes the Plaintiff, CHARLIE T. STRUCKEL, by and through counsel, Robert J. Martin, and sues the Defendant, AUSTIN PEAY STATE UNIVERSITY, and for her cause of action does state as follows:

1. This is a civil action brought under the authority of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, for damages suffered as a result of Defendant's discriminatory sexual harassment of female officers, and subsequent retaliation, retaliatory harassment and hostile work environment, as a result of participating as a witness in the university's EEO process investigating discrimination claims of female officers against the APSU Chief of Police;

2. Venue herein is proper under 28 U.S.C. § 1391, since the Plaintiff was employed by the Defendant who is located at P.O. Box 4507, Clarksville, Montgomery County, TN 37044;

3. The Plaintiff, CHARLIE T. STRUCKEL, is a United States citizen residing in Clarksville, Montgomery County, State of Tennessee;

4. The Defendant, AUSTIN PEAY STATE UNIVERSITY, is a State created entity controlled by the Tennessee State Board of Regents, a political subdivision of the State of Tennessee, created pursuant to the laws of the State of Tennessee, Tenn. Code Ann. § 49-8-101 *et. seq.* (2004). Defendant APSU is a person within the meaning of 42 U.S.C. § 2000-e(a) and an employer within the meaning of 42 U.S.C. § 2000-e(b);

The Defendant is an enterprise engaged in a business affecting commerce and has had fifteen (15) or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year;

5. Specifically, for cause of action, Plaintiff, CHARLIE T. STRUCKEL, is a Caucasian male, avers that he began his employment with the Defendant on November 1, 2004. At all times material hereto, he was Captain of the APSU police department;

6. On or about December 2008, he participated as a witness in APSU's internal EEO investigation of charges filed by female officers against the Chief of Police;

7. He told the truth therein, and corroborated that he had indeed witnessed sexual harassment and/or discrimination perpetrated by the Chief of Police;

2
Case 3:10-cv-00541   Document 1   Filed 05/28/10   Page 2 of 4 PageID #: 2

8. Thereafter, the plaintiff has been subjected to working in a hostile work environment, retaliatory harassment and retaliated against in violations of Title VII 42 U.S.C. §§ 1981 & 1983;

9. The Plaintiff suffered adverse employment actions because of the protected conduct described above. Following his participation as a witness in the University's EEO process, APSU adversely changed the terms, conditions, and privileges of Plaintiff employment. Such adverse changes included: threatening, reprimanding, and harassing him, issuing negative performance evaluations, forcing him to work under abnormal assignments and conditions, denying him job benefits, and otherwise materially and adversely affecting him;

10. The Plaintiff thereafter filed the appropriate charges with the EEOC and received his right to sue letter on March 3, 2010, which is attached hereto and marked as Exhibit "A";

11. This conduct by the Defendant constitutes a violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, retaliatory harassment, and Title VII retaliatory hostile work environment;

12. The Defendant's discriminatory practices as alleged herein have caused Plaintiff to suffer severe emotional distress and mental anguish, as well as other physical maladies which Plaintiff has experienced as a result of having to deal with Defendant's discriminatory practices;

13. The Defendant's discriminatory practices as alleged herein have caused Plaintiff to suffer lost wages, both in the past and in the future; and,

2. Costs and attorney's fees associated with being forced to litigate this action and to protect her rights under both state and federal law;

3. Prospective and equitable relief such as the Court may deem proper to prevent the Defendant from or otherwise discriminating against the Plaintiff in the future;

4. Such other relief as the Court may deem proper; and,

5. Plaintiff demands a jury to try this cause.

Respectfully submitted,

_____
Robert J. Martin BPR# 14641
Attorney for Plaintiff
529 Franklin Street
Clarksville, TN 37040
(931) 645-0203